240

**UNITED STATES of America ex rel. Ruthe CARBONA, Petitioner,**

v.

**Jane E. HUCH, Warden, Dwight Correctional Center, Paul J. Klincar, Chairman, Illinois Prisoner Review Board, Respondents.**

No. 85 C 1750.

United States District Court,
N.D. Illinois, E.D.

Nov. 19, 1985.

Ruthe M. Carbona, pro se.

Neil F. Hartigan, Atty. Gen., State of Ill. by Jack Donatelli, Asst. Atty. Gen., Chicago, Ill., for respondents.

ORDER

BUA, District Judge.

Before the Court is the respondents' motion to deny the writ of habeas corpus filed by the state prisoner petitioner. For the reasons stated herein, the respondents' motion is granted and the writ is denied.

## I. FACTS

Petitioner Ruthe Carbona is an inmate at Dwight Correctional Center in Dwight, Illinois, serving a 20 to 60-year sentence for murder. On June 14, 1985, Carbona's motion to reinstate her *pro se* petition for habeas corpus was granted. The petition alleged that the Illinois Prisoner Review Board had violated Carbona's constitutional rights when on July 31, 1985, it denied her third request for parole for the stated reason that the extreme violence of her crime required longer incarceration to prevent a reoccurrence of such behavior. Petitioner claims that the Prisoner Review Board considered impermissible factors when it considered the fact that the victim, her husband, was a Lieutenant in the Cook County Sheriff's Office.

The respondents to the petition are the Warden of Dwight Correctional Center and the Illinois Prisoner Review Board. They filed a motion to deny the writ in which they argued that the Board adequately stated its reasons for denial of parole and did not rely on the fact that the victim was a police officer.

The petitioner did not file a response to the respondents' motion. However, she did file a motion for discovery, in which she set forth the basis for her belief that improper factors were considered in the denials of her requests for parole. The Court will consider petitioner's motion for discovery as a response to respondents' motion to deny and decide the motion accordingly.

## II. DISCUSSION

In *Greenholtz v. Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the Supreme

Court recognized that there is no constitutional right to parole. 442 U.S. at 7. However, the Court noted that "by establishing a parole system, a state may create an expectation for inmates of release on parole which is entitled to some due process protection." 442 U.S. at 12, 99 S.Ct. at 2106. The Seventh Circuit Court of Appeals has recognized that such a due process right exists in Illinois and that "parole must be granted if none of the specified reasons for denial are found to exist." *United States ex rel. Scott v. Illinois Parole and Pardon Board,* 669 F.2d 1185, 1189 (7th Cir.), *cert. denied sub nom., McCombs v. Scott,* 459 U.S. 1048, 103 S.Ct. 468, 74 L.Ed.2d 617 (1982).

▇ The Seventh Circuit in *Scott* set forth the following test for determining whether a statement of reasons for denial of a parole is sufficient to satisfy the requirements of the Due Process Clause of the Fourteenth Amendment:

> To satisfy minimum due process requirements a statement of reasons should be sufficient to enable a reviewing body to determine whether parole has been denied for an impermissible reason or for no reason at all. For this essential purpose, detailed findings of fact are not required, provided the Board's decision is based upon consideration of all relevant factors and it furnishes to the inmate both the grounds for the decision ... and the essential facts upon which the Board's inferences are based.

*Id.* at 1190. Due process requires only that the inmate be told why his request for parole has been denied. *Id.* at 1191. It does not require a summary of the evidence relied upon. *Id.* If the parole board cites to facts upon which its reasons for denial of parole can be justified, due process is met. *Heirens v. Mizell,* 729 F.2d 449, 467 (7th Cir.1984).

In the present case, the relevant portion of the Prisoner Review Board's decision reads:

> Taking all factors into consideration, however, and noting in particular a crime of extreme violence resulting in the death of an innocent victim, the Board decides that parole to the free community is not warranted at this time.

In addition, the Board noted "the violent murder of her husband who she was convicted of shooting in the back during a domestic quarrel." Finally, the Board acknowledged statements and letters received on Ms. Carbona's behalf.

The reasons stated here for denial of parole are similar to those in *Heirens v. Mizell,* 729 F.2d 449 (7th Cir.1984). In *Heirens,* the Prisoner Review Board stated:

> The panel who last interviewed you was likewise not convinced, although you may have demonstrated the ability to perform adequately in a structured society, that you would be able to function without recourse to violence in the free society.

The Board in *Heirens* noted the prisoner's prior criminal record and the "particularly heinous details" of the crime for which the prisoner was imprisoned.

In denying the prisoner's petition for a writ of habeas corpus, the Seventh Circuit Court of Appeals held that the Board "considered all the relevant factors, provided Heirens with its reasons for denial and also gave him the 'essential facts' underlying its reasons." *Heirens,* 729 F.2d at 469. In support of its holding, the Seventh Circuit found that the Board provided the prisoner with two reasons for its decision to deny parole: (1) that the risk of nonconforming conduct was too great, i.e., doubts regarding his rehabilitation; and (2) that release would not serve the best interests of society nor serve as a deterrent to noncompliance with the established laws of society. *Id.* at 468–69. With regard to the first reason, the Seventh Circuit noted three facts cited to support the Board's decision. Two of these facts involved the circumstances surrounding the crime for which the prisoner was imprisoned. With regard to the second reason, the *Heirens* court noted the number of crimes and the details of them as the facts cited by the Board.

In the present case, as in *Heirens,* it is clear that concern regarding the prisoner's

242

entry into and functioning in free society is the Board's main reason for denying parole. This concern in *Heirens* encompassed both doubts regarding the prisoner's rehabilitation in light of the circumstances surrounding his crime, and the best interest of society, i.e., to remain safe from the same type of behavior exhibited by a serious and violent crime. While it did not explicitly mention doubts regarding Ms. Carbona's rehabilitation, the Board clearly mentioned the best interests of society as a reason for denying parole when it said that "parole to the free community is unwarranted at this time."

In addition, the Board cited, as facts in support of its reasons, the violent nature of the crime, i.e., murder, the fact that the victim was innocent and the prisoner's husband, and the fact that the victim was shot in the back. Under *Heirens* and *Scott,* the Board has stated its reasons for denying parole and supplied underlying facts sufficient to meet due process requirements. Finally, the Court finds no mention in the Board's decision of the allegedly impermissible reference to the victim being a member of the Cook County Sheriff's Office, and therefore will delve no further into that decision.

### III. CONCLUSION

For the reasons stated above, respondents' motion to deny the petition for a writ of habeas corpus is granted. Accordingly, the writ is denied.

IT IS SO ORDERED.